

U.S. Department of Justice

*United States Attorney*
*Southern District of West Virginia*

---

| | |
|---|---|
| *United States Courthouse* | *Mailing Address* |
| *300 Virginia Street East* | *Post Office Box 1713* |
| *Charleston, WV 25301* | *Charleston, WV 25326* |
| FAX: (304) 347-5104 | (304) 345-2200 |
| | 1-800-659-8726 |

**FILED**
DEC 8 2009
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

September 14, 2009

Michael O. Callaghan, Esquire
Neely & Callaghan, PLLC
159 Summers Street
Charleston, WV 25301

      Re:  United States v. Christine Gardner

Dear Mr. Callaghan:

    This will confirm our conversations with regard to your client, Christine Gardner (hereinafter "Ms. Gardner"). As a result of these conversations, it is agreed by and between the United States and Ms. Gardner as follows:

    1.  **CHARGING AGREEMENT.** Ms. Gardner agrees to waive her right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a one-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

    2.  **RESOLUTION OF CHARGES.** Ms. Gardner will plead guilty to a violation of 18 U.S.C. §§ 665(a) and 2 (Theft of Employment and Training Funds) as charged in said information.

*CKS*
---
Defendant's initials

Michael O. Callaghan, Attorney
September 14, 2009
Page 2                          Re:   United States v. Christine Gardner


3.   **MAXIMUM POTENTIAL PENALTY.**  The maximum penalty to which Ms. Gardner will be exposed by virtue of this guilty plea is as follows:

   (a)   Imprisonment for a period of 2 years;

   (b)   A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

   (c)   A term of supervised release of 1 year;

   (d)   A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

   (e)   An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664, or as otherwise set forth in this plea agreement.

4.   **SPECIAL ASSESSMENT.**  Prior to the entry of a plea pursuant to this plea agreement, Ms. Gardner will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Ms. Gardner will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Ms. Gardner fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Ms. Gardner.

5.   **RESTITUTION.**  Notwithstanding the offense of conviction, Ms. Gardner agrees to pay such restitution as determined by the Court, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Ms. Gardner further agrees as follows:

_CKA_
Defendant's
initials

Michael O. Callaghan, Attorney
September 14, 2009
Page 3                    Re:  United States v. Christine Gardner

(a) Ms. Gardner agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b) Ms. Gardner will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c) Ms. Gardner agrees not to dispose of, transfer or otherwise encumber any real or personal property which she currently owns or in which he holds an interest.

(d) Ms. Gardner agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest she may have in and to such property, and waives her right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(e) Ms. Gardner agrees she will not appeal any order of the District Court imposing restitution.

6. **PAYMENT OF MONETARY PENALTIES**. Ms. Gardner agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Ms. Gardner further agrees not to object to the

*CKD*
Defendant's initials

Michael O. Callaghan, Attorney
September 14, 2009
Page 4                          Re:   United States v. Christine Gardner


District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    7.  **COOPERATION**. Ms. Gardner will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Ms. Gardner may have counsel present except when appearing before a grand jury.

    8.  **USE IMMUNITY**. Unless this agreement becomes void due to a violation of any of its terms by Ms. Gardner, and except as expressly provided for in paragraph ten below, nothing contained in any statement or testimony provided by Ms. Gardner pursuant to this agreement, or any evidence developed therefrom, will be used against her, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    9.  **LIMITATIONS ON IMMUNITY**. Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Ms. Gardner for any violations of federal or state laws. The United States reserves the right to prosecute Ms. Gardner for perjury or false statement if such a situation should occur pursuant to this agreement.

    10.  **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410**. The United States and Ms. Gardner stipulate and agree that the facts comprising the offenses of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

 

                                                                 *CKG*
                                                  Defendant's
                                                 initials

Michael O. Callaghan, Attorney
September 14, 2009
Page 5                          Re:   United States v. Christine Gardner


     Ms. Gardner agrees that if she withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Ms. Gardner, and she is subsequently tried on any of the charges in the information, the United States may use and introduce the "Stipulation of Facts" in the United States case-in-chief, in cross-examination of Ms. Gardner or of any of her witnesses, or in rebuttal of any testimony introduced by Ms. Gardner or on her behalf. Ms. Gardner knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right she has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

     The United States and Ms. Gardner understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

     11.  **AGREEMENT ON SENTENCING GUIDELINES.**  Based on the foregoing Stipulation of Facts, the United States and Ms. Gardner agree that the following provisions of the United States Sentencing Guidelines apply to this case.

> <u>USSG Chapter 2 Enhancements</u>
>
> Base Offense Level 2B1.1(a)(2)           6
>
> Loss of $5,000 or Less (b)(A)            0

     The parties, however, do not agree on the application of a two-point enhancement for obstruction of justice under USSG § 3C1.1

*CKD* (initialed)<br>
Defendant's initials

Michael O. Callaghan, Attorney
September 14, 2009
Page 6                          Re:   United States v. Christine Gardner

and the United States takes no position at this time as to its applicability.

The United States and Ms. Bowling acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

12.   **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Both Ms. Gardner and the United States may seek appellate review of a ruling by the District Court regarding the application for a two-level enhancement for obstruction of justice under USSG §3C1.1. Nonetheless, Ms. Gardner knowingly and voluntarily waives her right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to an adjusted offense level of 6, before consideration of acceptance of responsibility. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to an adjusted offense level of 8, before consideration of acceptance of responsibility.

Ms. Gardner also knowingly and voluntarily waives the right to challenge her guilty plea and her conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

*CKB*
Defendant's initials

Michael O. Callaghan, Attorney
September 14, 2009
Page 7                          Re:   United States v. Christine Gardner


The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

    13.  **WAIVER OF FOIA AND PRIVACY RIGHT.**  Ms. Gardner knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    14.  **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a)  Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)  Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c)  Respond to questions raised by the Court;

    (d)  Correct inaccuracies or inadequacies in the presentence report;

    (e)  Respond to statements made to the Court by or on behalf of Ms. Gardner;

    (f)  Advise the Court concerning the nature and extent of Ms. Gardner's cooperation; and

    (g)  Address the Court regarding the issue of Ms. Gardner's acceptance of responsibility.


*CKG*
Defendant's initials

15. **VOIDING OF AGREEMENT**. If either the United States or Ms. Gardner violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

16. **ENTIRETY OF AGREEMENT**. This written agreement constitutes the entire agreement between the United States and Ms. Gardner in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Ms. Gardner in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

CHARLES T. MILLER
United States Attorney

By: *[signature]*
THOMAS C. RYAN
Assistant United States Attorney

TCR/slw

*CKG*

Michael O. Callaghan, Attorney
September 14, 2009
Page 9                          Re:  United States v. Christine Gardner


I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this eight-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.


_____           __9/15/09_____
CHRISTINE GARDNER                        Date Signed
Defendant

_____           __9/15/09_____
MICHAEL O. CALLAGHAN                     Date Signed
Counsel for Defendant




                                                    _CKJ_____
                                                    Defendant's
                                                    initials

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                              CRIMINAL NO. _____

                                18 U.S.C. § 665(a)
                                18 U.S.C. § 2
**CHRISTINE KAREN GARDNER**

# I N F O R M A T I O N

The United States Attorney Charges:

**(Embezzlement Of Employment and Training Funds)**

1. At all relevant times, defendant CHRISTINE KAREN GARDNER was an agent and connected with an organization receiving financial assistance and funds under title I of the Workforce Investment Act of 1998.

2. From March 2008 until at least April 2009, defendant CHRISTINE KAREN GARDNER, aided and abetted by others known and unknown to the United States Attorney, knowingly embezzled, willfully misapplied, stole, and obtained by fraud moneys, funds, assets, and property which were the subject of a contract pursuant to title I of the Workforce Investment Act of 1998, in an amount in excess of $1,000, that is, $5,000 of a State Set-Aside grant COMAR, Inc. received for services that defendant CHRISTINE KAREN GARDNER rendered before July 1, 2008.

**"Plea Agreement Exhibit A"**

In violation of Title 18, United States Code, Sections 665(a) and 2.

                    UNITED STATES OF AMERICA

                    CHARLES T. MILLER
                    United States Attorney

By: _____
     THOMAS C. RYAN
     Assistant United States Attorney

**"Plea Agreement Exhibit A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.

**CHRISTINE GARDNER**

### STIPULATION OF FACTS

The United States and Ms. Gardner stipulate and agree that the facts comprising the offense of conviction include the following:

From March 2005 to August 2009, Christine Gardner was employed by West Virginia State University Research & Development Corporation ("WVSU"). Gardner was stationed at the WVSU Economic Development Center, located at 1506 Kanawha Boulevard West Charleston, WV 25302.

Among other things, Ms. Gardner was tasked with assisting local private and public entities identify and apply for funding opportunities to obtain workforce training funds. In March 2008, Christine Gardner was approached by Martin Bowling, her godson and Chief Technical Officer of VEC$^3$, LLC, a wholly-owned subsidiary of COMAR, Inc., to assist his company in preparing a "State Set-Aside" Grant. The State Set-Aside Grant program is a federal workforce training program funded by the United States Department of Labor pursuant to title I of the Workforce Investment Act of 1998 ("WIA"). WORKFORCE WV, a state agency, administers the WIA funds and makes all funding recommendations. Martin's mother and Gardner's roommate, Mary Jane Bowling, administered the State Set-Aside grant program for WORKFORCE WV.

In March 2008, Gardner agreed with Martin Bowling that she would be paid $5,000 personally for helping write the grant. Gardner worked on the COMAR grant application during normal business hours. She made numerous trips to COMAR's office and met with Martin Bowling and other COMAR employees to work on the grant application in March and April 2008. COMAR included a request to hire a "professional advisor," which was intended to be a mechanism to pay Gardner.

WORKFORCE WV approved COMAR's grant for $100,000 for the fiscal year 2008-09 beginning on July 1, 2008, which included a line item of $10,000 for consultant contracts. Mary Jane Bowling was the WORKFORCE WV Program Manager specifically charged with

overseeing the COMAR grant.

To substantiate the services performed, Gardner submitted Martin Bowling an invoice on July 21, 2008 that indicated she provided "Professional consultation and training services" from July 10, 2008 to July 21, 2008, even though the extent she assisted COMAR it occurred in March and April 2008.

On July 22, 2008, COMAR drafted a $5,000 check to Gardner. Gardner accepted the money and deposited the check into a joint checking account held with Mary Jane Bowling. Gardner never performed any service as set forth in the WIA grant proposal or the Independent Contractor Agreement after July 1, 2008.

In March 2009, WORKFORCE notified COMAR that it was going to conduct an audit of the grant. To substantiate the $5,000 payment, Gardner signed an Independent Contractor Agreement and created another copy of the invoice showing that she worked for COMAR from July 10 to July 21, 2008. She presented both documents to COMAR CEO, Albert Hendershot, for him to include with the audit response, which Hendershot agreed to do. ~~July~~ December 1,

WORKFORCE WV disallowed the payment to Gardner for helping to write the grant because the services were rendered before July 1, 2008. Gardner then approached Hendershot to return the $5,000. Gardner, however, backdated the check to ~~July 31,~~ 2008 and wrote a note falsely indicating that she returned the money then.

To further conceal the nature of the work she performed, Gardner and Hendershot agreed that he would write a letter to WVSU stating that Gardner performed the private work on helping write the grant during non-business hours. Gardner took that letter and another $5,000 uncashed check dated July 31, 2008 to her employer and represented to WVSU that she did not perform any work during business hours and, moreover, that she tried to pay the money back immediately in July 2008 when she learned that the funds to pay her come from the WIA grant. Gardner knew both statements to be untrue.

This Stipulation of Facts does not contain each and every fact known to Ms. Gardner and to the United States concerning her involvement and the involvement of others in the charges set forth in the Indictment, and is set forth for the limited purpose of establishing a factual basis for Ms. Gardner's guilty plea.

**PLEA AGREEMENT EXHIBIT B**

Stipulated and agreed to:

_____  
CHRISTINE GARDNER  
Defendant

9/15/09  
Date

_____  
MICHAEL O. CALLAGHAN  
Counsel for Defendant

9/15/09  
Date

_____  
THOMAS C. RYAN  
Assistant United States Attorney

9/12/09  
Date

**PLEA AGREEMENT EXHIBIT B**